United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMELINK INTERNATIONAL INC.,<br>                Plaintiff,<br><br>     v.<br><br>YU ZHANG,<br>                Defendant. | Case No. 24-cv-02358-VKD<br><br>**ORDER RE AUGUST 30, 2024 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 30 |

        Plaintiff Homelink International Inc. ("Homelink International") asks the Court to order defendant Yu Zhang to respond to Homelink International's pending discovery requests. Dkt. No. 30 at 1-3. Mr. Zhang responds that he should not be required to engage in discovery pending resolution of his motions to dismiss, which are potentially dispositive, especially in view of his pending motion challenging the Court's exercise of personal jurisdiction. *Id.* at 3-4.

        On September 12, 2024, the Court issued an order resolving the pending motions. The Court denied Mr. Zhang's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, and in the alternative, for forum non conveniens, but granted his other motions to dismiss. *See* Dkt. No. 31. The Court also granted Homelink International leave to amend its breach of contract claim. *Id.* at 18-19.

        The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. However, a district court may stay discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644

F.2d 797, 801 (9th Cir. 1981)).  The party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should not be permitted during the pendency of the motion.  *In re Google Digital Advert. Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (citations omitted).

In determining whether to stay discovery pending resolution of dispositive motions, courts in this district consider two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending motion can be decided absent additional discovery.  *Id.* at *2 (citations omitted).  Only if both questions are answered affirmatively may the court stay discovery.  *Id.*

Mr. Zhang has not shown good cause for a stay of discovery.  The Court has decided the pending motions to dismiss, and in particular, has denied the motion challenging personal jurisdiction over Mr. Zhang.  While the Court has dismissed Homelink International's claims based on agreements to which it is not a party, and has dismissed the remainder of the complaint under Rule 12(b)(6) for failure to state a claim, the Court has granted leave to amend the contract claim.  Dkt. No. 31 at 17-18.  Mr. Zhang offers no other justification for a stay of discovery.  *See* Dkt. No. 30 at 3-4.

Accordingly, the Court concludes that Mr. Zhang has not shown good cause to stay discovery at this time.  *See, e.g., Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery where leave to amend a complaint may be given).  However, as there currently is no operative complaint, the Court declines to order Mr. Zhang to answer Homelink International's discovery requests "in substance," as Homelink International requests.  *See* Dkt. No. 30 at 3.  For this reason, the Court orders as follows:

1. Mr. Zhang must provide the information required to be disclosed by Rule 26(a)(1)(A)—his initial disclosures—by **September 20, 2024**.

2. Mr. Zhang must provide written responses to Homelink International's discovery requests by **October 3, 2024** without relying on objections that the discovery should

not be had because of challenges to the pleadings.

**IT IS SO ORDERED.**

Dated: September 13, 2024

                                              Virginia K. DeMarchi
                                              United States Magistrate Judge